```
     DF88THOC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    KEITH THOMPSON,

4                 Plaintiff,

5            v.                             13 CV 1991 (JGK)

6    POLICE OFFICER RODRIGUEZ, et
     al,
7
                  Defendants.
8    ------------------------------x
                                            New York, N.Y.
9                                           August 8, 2013
                                            4:30 p.m.
10
11   Before:

12                    HON. JOHN G. KOELTL,

13                                          District Judge

14                         APPEARANCES

15   KEITH THOMPSON
          Plaintiff pro se for
16
17   NEW YORK CITY LAW DEPARTMENT
          Interested party
18   ALISON GAINFORT MOE
     Assistant Corporation Counsel
19
20
21
22
23
24
25
```

1              (Case called)

2              (In chambers; via speakerphone)

3              THE DEPUTY CLERK:  This is the matter of Thompson v.

4  Rodriguez.  Will all parties state who they are for the record.

5              MR. THOMPSON:  Mr. Keith Thompson, pro se plaintiff,

6  residing at 50-14 Broadway, Woodside, New York, apartment 4D as

7  in David, Zip code 11377.

8              MS. MOE:  Good afternoon, your Honor.  Allison Moe

9  Assistant Corporation Counsel of the New York City Law

10 Department.  With me is Morgan Koontz, also from the law

11 department.

12             THE COURT:  Hello.  This is Judge Koeltl.  I have you

13 on the speakerphone.  I have a court reporter present.  The

14 defense counsel should obtain a copy of the transcript and

15 provide it to the plaintiff.  I'm here with my deputy clerk and

16 two of my law clerks.  This case was just filed and it comes

17 with an order to show cause for a preliminary injunction and

18 temporary restraining order.  Now I always listen to the

19 parties when I get an application for a temporary restraining

20 order.  And I'll listen to the parties.  Usually at the first

21 conference where there's a request for a temporary restraining

22 order I listen as to why there's a need for a temporary

23 restraining order and I set down a schedule for the preliminary

24 injunction.

25             Now, I've read the papers, including the complaint and

1    the order to show cause.  It's not clear to me, Mr. Thompson,
2    whether you've set out sufficient facts and all the facts that
3    you would like to set out in support of a motion for a
4    preliminary injunction.  There's a one-page affidavit and the
5    gist of the affidavit is that you were stopped once and that
6    therefore you want an injunction against being stopped again.
7    I don't know whether there's more that you wish to say in
8    support of an application for a preliminary injunction, but it
9    wouldn't appear on the basis of the papers that you could get a
10   temporary restraining order or a preliminary injunction because
11   all that you have set out is that on one occasion you were
12   stopped and had an experience with the police and actually all
13   of the details of that experience are really set out in your
14   complaint rather than in an affidavit.
15            MR. THOMPSON:  Yes, sir.
16            THE COURT:  But this is one incident, and in order to
17   get a preliminary injunction you'd have to show a likelihood of
18   success on the merits and irreparable injury if the preliminary
19   injunction weren't granted or a substantial question going to
20   the merits and a balance of equities on your side.  But when
21   the basis for the complaint is that you were stopped once, it
22   would raise questions as to whether you could show that, for
23   example, it was likely that you will be stopped again between
24   now and the time when the case can be heard.  On the basis of
25   it, you know, there would be some questions of whether you

1    would be stopped and if you were stopped whether it would be

2    the same police officers who would stop you and whether

3    particularly with the pendency of a case out there the police

4    officers would act towards you in a way that would be

5    objectionable.

6             MR. THOMPSON:  May I speak, your Honor?

7             THE COURT:  Yes, sure.

8             MR. THOMPSON:  Honorable Judge, the reason why I

9    submitted this application is because since then I've also been

10   stopped by various officers from the same exact precinct.  I

11   have two tickets pending now from officers from this precinct.

12   It's not just that particular officer that stopped me that

13   particular date on February 3rd, it's other officers that are

14   constantly giving me tickets, unnecessary tickets, okay, and I

15   have a couple of them now that is pending that I have to go to

16   court for.  And this is why I submitted this.  I mean, all this

17   is from the same precinct and it's just that this question,

18   it's in the Bronx, nowhere else, and that's the reason why I

19   submitted this.  The reason why I haven't put this in an

20   injunction is just the fact that it's just tickets but I know

21   it's harassment from the police force, from this particular

22   precinct, all of them are from this particular precinct.

23            THE COURT:  If you wanted to proceed with an

24   application for a preliminary injunction you really should give

25   a set of papers that show what the basis for your application

1   for the preliminary injunction is.  You say you haven't put
2   them in these papers, okay.  If you want a preliminary
3   injunction you really have to give me a set of papers which set
4   out the basis for a preliminary injunction.  So far, you know,
5   there is no basis for a temporary restraining order and you
6   seem to agree that you haven't yet set the facts out for a
7   preliminary injunction.  So I would give you the opportunity to
8   do that, you know.  You could make a motion for a preliminary
9   injunction and defendants would respond and you would reply.
10          MR. THOMPSON:  Yes.
11          THE COURT:  Do you want to do that?
12          MR. THOMPSON:  So you would like for me to resubmit
13   this with all facts, correct?  Okay.
14          THE COURT:  Yes.  What I would do is to say that the
15   application for a preliminary injunction and temporary
16   restraining order dated August 7, 2013 is denied without
17   prejudice to renewal and -- it's a high burden to get a
18   preliminary injunction.  You understand that, Mr. Thompson,
19   right?
20          MR. THOMPSON:  Yes.
21          THE COURT:  Okay.  But if you want to make that motion
22   you just tell me when you want to make it and I'll set up a
23   schedule.  But you've got to -- it would be important for you
24   to submit an affidavit explaining the bases for the motion and
25   you really should submit a memo in support of the preliminary

1    injunction, too, explaining why you believe that you are
2    entitled to a preliminary injunction.  You have to explain to
3    me why there is a likelihood that you will succeed or at the
4    very least substantial questions going to the merits and why
5    there would be irreparable injury to you if the injunction were
6    not granted and why there's a balance of equities in your
7    favor.
8             The other thing is, if you say it's not the officers
9    who are the defendants who are giving you the additional
10   tickets there would be the question of what sort of injunction
11   it is that you're seeking.  It would be unusual to issue an
12   injunction which says the Police Department can't give you any
13   tickets.  That would give you the ability to simply speed
14   without ticketing, and that would be highly unusual to get an
15   injunction like that.  Do you follow?
16            MR. THOMPSON:  I understand that correctly, sir.
17            THE COURT:  Okay.  So you want to go forward, though,
18   with a motion for a preliminary injunction?
19            MR. THOMPSON:  Yes.  I will resubmit it and I will
20   call your office, your clerk's office and set up a date where I
21   could possibly come in.
22            THE COURT:  No, no.  What you should do is, I can set
23   up the schedule now.  You just tell me when you want to submit
24   your motion for a preliminary injunction and I'll give the
25   defendants an opportunity to respond and give you an

1     opportunity to reply.
2             MR. THOMPSON:  So you're going to set up a court date,
3     is that correct, sir?
4             THE COURT:  I want to set up a date for you to submit
5     a motion for a preliminary injunction if that's what you want
6     to do.  Do you follow?
7             MS. MOE:  Your Honor, if I may briefly be heard.
8             THE COURT:  Sure.
9             MS. MOE:  Thank you, your Honor.  None of the
10    defendants have been served in this matter so my office doesn't
11    yet represent anyone.  I do think it's premature to entertain
12    an application for a temporary restraining order.  Secondly,
13    the complaint itself doesn't seek injunctive relief so I don't
14    see any connection between an application for a temporary
15    restraining order and the matter presently at bar.
16            THE COURT:  Okay.  That's a good point.
17            MR. THOMPSON:  Your Honor, may I speak in regards to
18    that?
19            THE COURT:  Sure.
20            MR. THOMPSON:  Yes.  I received two memos from the
21    counsel, Ms. Moe, regarding -- one memo I received she states
22    that she's representing these two officers.  Previously before
23    your clerk called me earlier she said there's a possibility
24    that she will be representing them and she has an argument
25    because you had already granted that the marshals serve these

1    two officers and which the marshals were told to serve them
2    through the Corporation Counsel as opposed to the actual
3    precinct where they are employed at, so she's arguing the fact
4    that they were served at the Corporation Counsel's office like
5    you said as opposed to the actual workplace where they worked
6    at.  But this was a motion that you had granted that the
7    marshals serve them and that's the way they chose to serve
8    them.
9            THE COURT:  Okay, hold on one moment, please.
10           MS. MOE:  Your Honor, I believe the relevant order is
11   docket entry number 10.
12           THE COURT:  Okay.  Hold on.
13           (Pause)
14           THE COURT:  Okay.  Mr. Thompson, did you receive the
15   July 31 order from me with respect to the issue of service?
16           MR. THOMPSON:  Yes, I did, sir.  Is that the one you
17   informed me that you granted the marshals to serve them.
18           THE COURT:  It says that the officers should be served
19   at Patrol Borough Bronx Task Force, 1278 Sedgewick Avenue in
20   the Bronx and it says that the pro se office will provide you
21   with new service packages for the individual defendants and the
22   plaintiff should fill in the above address for the individual
23   officer defendants and return the completed packages to the pro
24   se office so that the marshals can serve those defendants.
25           MR. THOMPSON:  I did exactly that, sir, but the

1  marshals office decided to serve the officers at the
2  Corporation Counsel.  Why, I have no idea but that's what they
3  chose to do.
4             THE COURT:  Wasn't that earlier?  Was it in response
5  to the -- this is the order dated July 31.  So after July 31
6  the pro se office should have provided you with new service
7  packages for the individual defendants, okay?
8             MR. THOMPSON:  Yes.
9             THE COURT:  And you then should complete the service
10 packages and return them to the pro se office and the pro se
11 office will assure that they're then given to the marshals so
12 that the individual defendants can be served at the Patrol
13 Borough Bronx Task Force, 1278 Sedgewick Avenue.
14            MR. THOMPSON:  So you'd like these officers to be
15 reserved, is that what you're saying, sir?
16            THE COURT:  Yes.  That's why I said didn't you get the
17 July 31 order?
18            MR. THOMPSON:  No, I did not, sir.
19            THE COURT:  Okay.  Well, we will send another -- it
20 should have gone out to you --
21            MR. THOMPSON:  The only order I received was the one
22 when you granted the order for the marshals to serve the two
23 officers.
24            MS. MOE:  Your Honor, the docket indicates that it was
25 not mailed until Monday so I guess it's unlikely that it would

1    have arrived by now.
2            THE COURT:  We'll send another copy.  And we'll check
3    to make sure that the pro se office is providing new service
4    packages for the individual defendants.
5            MR. THOMPSON:  Okay.
6            THE COURT:  So we'll send you another copy of the
7    order and we'll send you, we'll make sure that the pro se
8    office sends you the service packages for the individual
9    defendants.
10            MR. THOMPSON:  Okay.  So you want me to resubmit new
11    complaints, new complaints and everything else, correct?
12            THE COURT:  Well, you know, this is an opportunity, by
13    the way, if you want to amend your complaint to include any
14    other allegations or any requests for injunctive relief that
15    you file an amended complaint and that the service packages
16    that you provide to the pro se office include an amended
17    complaint so that you serve the summons and amended complaint
18    on the police officer defendants.  If you want to amend your
19    complaint.
20            MR. THOMPSON:  I'm fine with my complaint, sir.
21            THE COURT:  Oh, okay.  Ms. Moe pointed out that it
22    doesn't seek injunctive relief, it only seeks damages, so she
23    says it's hard to get a preliminary injunction on a case which
24    is not seeking injunctive relief.  But if you're satisfied with
25    your complaint, okay.  I'm not ordering you to file an amended

1    complaint.
2                MR. THOMPSON:  Yes.
3                THE COURT:  We'll make sure that you are provided with
4    another copy of the July 31 order and that you are provided by
5    the pro se office with service packages to be returned.  The
6    marshals will then serve the individual defendants.
7                MR. THOMPSON:  All right.  One more question, your
8    Honor.  The actual address where the officers are employed at
9    will be indicated in the memo as well, sir?
10               THE COURT:  Yes, it's indicated in my July 31 order.
11   I mean, it's Patrol Borough Bronx Task Force, 1278 Sedgewick
12   Avenue, Bronx, New York 10452.
13               MR. THOMPSON:  Okay.
14               THE COURT:  And, by the way, do we have your correct
15   address?  50-14 Broadway, apartment 4D, Woodside, New York,
16   11377?
17               MR. THOMPSON:  That's correct, sir.
18               THE COURT:  Okay.  So, that will, if you follow that
19   process then the defendants will be served by the marshal where
20   they work.  Then the next question is they've got to be served
21   by the marshal.  After they're served if you want to bring on a
22   motion for a preliminary injunction you really should submit
23   more detailed papers.
24               MR. THOMPSON:  Okay, sir.
25               THE COURT:  Okay?

1              MR. THOMPSON:  I understand.

2              THE COURT:  All right.  Anything else for me today?

3     Ms. Moe?  Ms. Moe, are you still there?

4              MS. MOE:  Yes, thank you, your Honor.  Just one item.

5     I would ask in the interests of expediting a resolution of this

6     matter that the Court direct plaintiff to provide a release

7     unsealing any records relating to this summons.  I understand

8     that no parties have been served and we've not done any

9     discovery but in my experience records from the Court take some

10    time to obtain so if we start on that now it will shorten the

11    time necessary for discovery thus far.

12             MR. THOMPSON:  Have you sent Mr. Thompson the

13    releases?

14             MS. MOE:  I haven't yet had a chance to do so, but I

15    can do it today.

16             THE COURT:  It would be hard for him to complete

17    something he doesn't have.  And since you're taking the

18    position that you don't represent anyone yet, it's sort of hard

19    to require Mr. Thompson to start filling out forms for you.

20             MS. MOE:  I completely understand, your Honor.  I just

21    was suggesting this as a way of expediting the case.  We have

22    no need for it at this time, but I thought that it might speed

23    things along.

24             THE COURT:  Mr. Thompson?

25             MR. THOMPSON:  Yes, your Honor.  I mean, as we speak,

1    counsel Moe has informed me that one minute she is representing
2    them, and one minute she's not representing them.  I'm not sure
3    exactly who is representing these officers.
4              THE COURT:  Well, no one yet because they haven't yet
5    been served.  And so they haven't had, they're not required yet
6    to file an appearance.  And so no one has yet appeared to
7    represent them.
8              Now, it's pretty clear that eventually the Corporation
9    Counsel will be representing them, I believe, unless there's
10   some conflict.  But they haven't filed a notice of appearance
11   yet on behalf of those defendants.  The docket sheet reflects
12   them as a, quote, interested party.
13             MR. THOMPSON:  Yes.
14             THE COURT:  So if you want to fill out releases to
15   unseal the criminal records you're welcome to do that.  It may
16   save some time down the line, but you're not required to do
17   that.  You can chat with Ms. Moe about this.  You have her
18   telephone number, right?
19             MR. THOMPSON:  No, I don't actually have her direct
20   number.  I've seen her number on the memo that she sent me.  Is
21   that your correct number, Ms. Moe?
22             MS. MOE:  Yes.
23             MR. THOMPSON:  Okay, then I have it.
24             THE COURT:  Okay, you're welcome to talk and you're
25   welcome to try to expedite the proceedings.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

DF88THOC

1          MR. THOMPSON:  Okay, sir, I appreciate your time in
2     this matter.
3          MS. MOE:  Thank you, your Honor.
4          MR. THOMPSON:  Thank you, have a good evening.
5          THE COURT:  Bye, now.
6          (Adjourned)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25